```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

|  |  |
|---|---|
| MAGDALENE KING BANKS, | § |
| Plaintiff, | § |
| vs. | §   No. 09-2429-STA-dkv |
| JOHN E. POTTER, et al., | § |
| Defendant. | § |

```
          ORDER DENYING AND STRIKING DOCKET ENTRIES
             11, 15, 16, 17, 18, 21, 22, 23, 24, 25, 26
                               AND
          ORDER DIRECTING PLAINTIFF TO COMPLY WITH THE RULES
```

On July 7, 2009, Plaintiff Magdalene King Banks, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and paid the civil filing fee. (Docket Entry ("D.E.") 1.) Defendant filed an answer to the complaint on October 13, 2009. (D.E. 10.)

On October 21, 2009, Plaintiff filed a "response" to Defendant's answer which consists of written allegations and random documents. (D.E. 11.) On December 18, 2009, Plaintiff filed a demand for trial by jury (D.E. 15.) Also on December 18, 2009, Plaintiff sent a document to United States Magistrate Judge Diane Vescovo, which was docketed as a motion for appointment of counsel (D.E. 16), along with a form for consent to jurisdiction by a United States Magistrate Judge (D.E. 17.) On December 21, 2009, Plaintiff filed a document directed to Judge Vescovo which

contained another motion for trial by jury and other irregular requests. (D.E. 18.)

On December 30, 2009, Plaintiff filed a motion for supplemental pleadings which contains random documents. (D.E. 21.) On December 31, 2009, Plaintiff filed a series of random documents which appear to be directed to the United States Attorney for the Western District of Tennessee. (D.E. 22.)  On January 4, 2010, Plaintiff filed a series of documents entitled "motion for charges" (D.E. 23), "motion to compel" (D.E. 24), "motion to defendant response to a demand for a jury trail [sic]" (D.E. 25), and a second "motion to compel." (D.E. 26.)

The Court's service order (D.E. 3) stated, in part:

> It is further ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorneys for the Defendant.  Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and this Court's local rules.
>
> Plaintiff shall promptly notify the Clerk of any change of address or whereabouts.  Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

(D.E. 3, p. 2.)

Local Rule 7.2(a)(1)(B) requires that

> "[a]ll motions . . . shall be accompanied by a certificate of counsel . . . affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion."  Local Rule 7.2(a)(1)(B).  Failure to file a Rule 7.2 certificate "may be deemed good grounds for denying the motion. " Id.

Plaintiff has not familiarized herself with the Federal Rules of Civil Procedure or the Local Rules of Court. She has not complied with the certificate of service or consultation requirements. Therefore, all motions contained within the documents are DENIED and it is ORDERED that docket entries 11, 15, 16, 17, 18, 21, 22, 23, 24, 25, 26 are stricken from the docket in this case because the documents do not comply with the Federal Rules of Civil Procedure or the Local Rules of this Court.

The Clerk is ORDERED not to accept for filing any further documents submitted by this Plaintiff that are not in compliance with the rules, do not contain numbered paragraphs as required by Fed. R. Civ. P. 10, and do not contain a certificate of service or certificate of consultation with counsel for the Defendant as required by Fed. R. Civ. P. 5(d), Local Rule 83.7(b) and Local Rule 7.2(a)(1)(B) .

Plaintiff is proceeding pro se and **must** familiarize herself with the Federal Rules of Civil Procedure and the Local Rules of this Court so that her pleadings comply with those rules. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 1st day of February, 2010.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE